# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| DUKE ENERGY CAROLINAS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> NTE CAROLINAS II LLC, NTE CAROLINAS II HOLDINGS LLC, NTE ENERGY LLC, KRISTI S. MILLER, in her individual capacity, and MICHAEL C. GREEN, in his individual capacity, <br><br> Defendants. | Civil Action No. _____ <br><br><br> **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 16 U.S.C. § 825p and 28 U.S.C. §§ 1331, 1367, 1441, and 1446, NTE Carolinas II LLC ("NTE"), NTE Carolinas II Holdings LLC, NTE Energy LLC, Kristi S. Miller, and Michael C. Green (collectively, "Defendants") hereby remove this action to the United States District Court for the Western District of North Carolina, Charlotte Division, from the Superior Court of Mecklenburg County, North Carolina. In support of removal, Defendants state the following:

## PROCEDURAL BACKGROUND

1.      This action was commenced by Duke Energy Carolinas LLC ("Duke") in the Superior Court of Mecklenburg County, North Carolina, on or about September 6, 2019, captioned *Duke Energy Carolinas, LLC v. NTE Carolinas II LLC, NTE Carolinas II Holdings LLC, NTE Energy LLC, Kristi S. Miller, in her individual capacity, and Michael C. Green, in his individual capacity*, Civil Action No. 19-CVS-17434 ("State Court Action"). In accordance with 28 U.S.C. § 1446(a), a copy of all pleadings are attached hereto as **Exhibit A**.

2.      NTE, NTE Carolinas II Holdings LLC, NTE Energy LLC, and Mr. Green were served with process on September 9, 2019. Ms. Miller was served on October 4, 2019. Copies of the

summonses served on Defendants are attached hereto as **Exhibits B**, **C**, **D**, **E**, and **F**, respectively. The corresponding Returns of Service were not on file with the state court as of October 7, 2019.

3.     No further proceedings have been conducted in the State Court Action.

4.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within 30 days of the receipt by Defendants of the Complaint.

**THIS COURT'S EXCLUSIVE AND ORIGINAL JURISDICTION**

5.     This case involves allegations against NTE involving a Large Generator Interconnection Agreement ("LGIA") over which this Court has exclusive jurisdiction under the Federal Power Act, 16 U.S.C. § 825p, as well as original jurisdiction under 28 U.S.C. § 1331 in that it arises under the Federal Power Act, 16 U.S.C. § 791a, *et seq.* ("FPA").

6.     The FPA provides in relevant part as follows:

> The District Courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of [the FPA] or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, [the FPA] or any rule, regulation, or order thereunder.

16 U.S.C. § 825p.

7.     Civil actions "arising under the Constitution, laws or treaties of the United States" are authorized to be heard in the U.S. district courts. 28 U.S.C. § 1331.

8.     Any civil action filed in a state court over which the district courts have original jurisdiction may be removed to the district where the action is pending.  28 U.S.C. § 1441(a).

9.     The Federal Energy Regulatory Commission ("FERC") is authorized by Congress under the FPA to "assert jurisdiction over two separate activities – transmitting and selling" electric power.  *New York v. FERC*, 535 U.S. 1, 20 (2002).  NTE entered into the LGIA so that it can generate and sell electric power.

10.     NTE is subject to FERC jurisdiction in connection with its role in the Reidsville Energy Center, a planned 500 megawatt electric generating facility in Rockingham County, North Carolina.  Compl., ¶¶ 13, 19–21.

11.     Duke also is subject to FERC regulation as an electric transmission provider to the Reidsville Energy Center.  Compl., ¶¶ 19, 21.

<strong>THE LARGE GENERATOR INTERCONNECTION AGREEMENT</strong>

12.     In 1996, FERC issued Order No. 888 to foster competition in the commercial generation of electricity.  The order would "require transmission providers, which typically have a natural monopoly, to give generators equal access to transmission facilities" and to require them to carry the electricity generated by independent power producers such as NTE. *Nat'l Ass'n of Regulatory Utility Comm'rs, v. Fed. Energy Regulatory Comm'n*, 475 F.3d 1277, 1279 (D.C. Cir. 2007).

13.     FERC subsequently issued Order No. 2003, which, along with three successive rehearing orders, prohibited "transmission facility owners from favoring affiliated generators over [independent power producers]."  To achieve this goal, Order No. 2003 required the use of "a standard agreement for interconnecting with generators larger than 20 megawatts." *Id.*

14.     The LGIA is "a standard agreement" promulgated by FERC.  It is "used by all large utilities and interconnection customers in the United States."  Compl., ¶ 21.

15.     Duke and NTE entered into the LGIA on or about November 8, 2017, for the purpose of connecting NTE's Reidsville Energy Center generating plant with the Duke power transmission grid.  Compl., ¶¶ 19, 20.

16.     Duke's claims relate to the interpretation and application of various sections and provision of the standard LGIA and is to be governed and interpreted in accordance with the FPA and rules and regulations promulgated by FERC.

17.     The LGIA provides that it is subject to "all Applicable Laws and Regulations," which are defined as "all duly promulgated applicable federal, state and local laws, regulations, rules, ordinances, codes, decrees, judgments, directives or judicial or administrative orders, permits and other duly authorized actions of any Governmental Authority." Compl., ¶ 27 (quoting §14.2.2 of the LGIA); Exhibit 2 to Compl., Article 1.

18.     The LGIA specifically provides that any proposed termination must be accompanied by a filing of a notice of termination with FERC:

> [N]o termination shall become effective until the Parties have complied with all Applicable Laws and Regulations applicable to such termination, including the filing with FERC of a notice of termination of this LGIA, which notice has been accepted for filing by FERC.

Compl.,¶ 23 (quoting LGIA, Article 2.3.3).

19.     Duke is deliberately attempting to avoid FERC and the federal court's jurisdiction over this dispute by not filing a notice of termination as required by the LGIA and by deviating from the procedure it has taken in the past when seeking to terminate a LGIA.

20.     The LGIA between Duke and NTE is subject to FERC jurisdiction.

### DUKE'S CLAIM UNDER THE LGIA AND PREEMPTION

21.     Duke's claim for breach of contract is based on allegations that require interpretation of the LGIA. The LGIA is a *pro forma* agreement promulgated by FERC under Order No. 2003 by virtue of its regulatory authority and the FPA.

22.     Since the LGIA is a FERC-created contract, determining Duke's breach of contract claim will necessarily involve questions of federal law and addressing causes of action that arise under federal law.

23.     Duke's right to relief depends on the resolution of a substantial question of federal law as a result of the LGIA and, therefore, is subject to preemption.

4

24.     Pursuant to the doctrine of complete preemption, federal regulation concerning large electric power generation interconnection agreements under the FPA is so pervasive so as to transform Duke's causes of action into claims under the FPA. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).  In other words, preemption dictates that Duke's suit be viewed as arising under the FPA, thus, raising a federal question.

25.     Duke's complaint raises an issue of federal law.

26.     Any state law claim for breach of contract is preempted under the doctrine of field preemption because there is comprehensive legislation and regulation in this area and there is no room for state courts to supplement FERC's role in promulgating the LGIA in this area.

27.     Any state law claims are also preempted under the doctrine of conflict preemption because allowing Duke's state law claims against NTE in the area of the LGIA would stand as an obstacle to the accomplishment and execution of FERC's purposes in promulgating the LGIA.

28.     Removal of Duke's breach of contract claim under the LGIA is proper since it is subject to federal preemption. Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

## SUPPLEMENTAL JURISDICTION

29.     To the extent any individual claim asserted by Duke is not removable or preempted by federal law, this Court has jurisdiction over such claim pursuant to 28 U.S.C § 1367 and 1441(c).

30.     By filing this Notice of Removal, Defendants do not waive any defense or claim that may be available to them.

31.     A Notice of Filing the Notice of Removal, along with copy of this Notice of Removal, will be filed with the Clerk of Superior Court for Mecklenburg County, North Carolina, as required by 28 U.S.C § 1441(b).

32.     Defendants will give written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C § 1441(d).

WHEREFORE, Defendants respectfully request removal of this action to the United States District Court for the Western District of North Carolina, Charlotte Division, from the Superior Court of Mecklenburg County, North Carolina.

Respectfully submitted, this the 8th day of October, 2019.

 

 

_____

Marguerite S. Willis
NC Bar No. 8045
Peter A. Santos
N.C. Bar No. 32040
Nexsen Pruet, PLLC
227 West Trade Street
Suite 1550
Charlotte, NC  28202
Telephone: 704.339.0304
Attorneys for Defendants
*NTE Carolinas II, LLC, NTE Carolinas II Holdings, LLC, NTE Energy, LLC, Kristi S. Miller, and Michael C. Green.*

STATE OF NORTH CAROLINA       IN THE GENERAL COURT OF JUSTICE
                                      SUPERIOR COURT DIVISION

COUNTY OF MECKLENBURG                  19-CVS-17434

DUKE ENERGY CAROLINAS, LLC,

           Plaintiff,

    vs.                                **CERTIFICATE**
                                          **OF SERVICE**

NTE CAROLINAS II LLC, NTE
CAROLINAS II HOLDINGS LLC, NTE
ENERGY LLC, KRISTI S. MILLER, in her
individual capacity, and MICHAEL C.
GREEN, in his individual capacity,

           Defendants.

       The undersigned hereby certifies that a copy of the foregoing NOTICE OF REMOVAL was

duly served upon counsel for the plaintiff in accordance with the provisions of Rule 5 of the North

Carolina Rules of Civil Procedure by depositing a copy of the same in the United States Mail, first-

class postage prepaid, addressed as follows:

                Tricia M. Derr, Esquire
                Phoebe Coddington, Esquire
                Lincoln Derr PLLC
                4350 Congress Street, Suite 575
                Charlotte, North Carolina 28209

       This the 8th day of October, 2019.

                                    _____
                                    Marguerite S. Wills
                                    Attorneys for Defendants