UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO: 3:19-CV-00515-MOC-DSC

| | |
|---|---|
| **DUKE ENERGY CAROLINAS, LLC,** | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| **NTE CAROLINAS II, LLC, et al.,** | ) |
| Defendants, | ) |

**THIS MATTER** is before the Court on motions to dismiss for failure to state a claim upon which relief can be granted, which were brought pursuant to Federal Rule of Civil Procedure 12(b)(6), and which were filed by Defendants NTE Holdings and NTE Energy, Doc. No. 12, and by Plaintiff Duke Energy Carolinas, Doc. No. 24.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See In re Birmingham, 846 F.3d 88, 92 (4th Cir.), as amended (Jan. 20, 2017), cert. denied, 138 S. Ct. 468 (2017). To survive such a motion, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible." Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 543 (4th Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

When ruling on a motion to dismiss, the Court considers "the complaint in its entirety, as well as documents attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011) (citation omitted). The Court "must accept as true all of the factual allegations contained in the complaint" and draw "all reasonable inferences" in favor of the non-movant. Id. Even so, factual allegations are insufficient if they

rely on "naked assertions" and "unadorned conclusory allegations" that are "devoid of factual enhancement." In re Birmingham, 846 F.3d at 92. And "the Court is not obliged to assume the veracity of the legal conclusions drawn from the facts alleged." Id.

Drawing reasonable inferences in favor of the non-movants, the Court cannot say at this time that either Plaintiff's claims or Defendants' counterclaims fail to raise plausible claims for relief. Accordingly, the Court will deny both motions to dismiss at this time, allowing the parties to reassert their contentions after discovery and upon the filing of summary judgment motions.

## ORDER

**IT IS, THEREFORE, ORDERED** that the motions to dismiss, which were filed by Defendants NTE Holdings and NTE Energy, Doc. No. 12, and by Plaintiff Duke Energy Carolinas, Doc. No. 24, are both **DENIED** at this time, and the parties may reassert their contentions after discovery and upon the filing of summary judgment motions.

Signed: August 17, 2020

Max O. Cogburn Jr
United States District Judge