IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DUKE ENERGY CAROLINAS LLC,<br><br>    Plaintiff and Counter-defendant,<br><br>v.<br><br>NTE CAROLINAS II LLC, NTE CAROLINAS II HOLDINGS LLC and NTE ENERGY LLC,<br><br>    Defendants and Counterclaimants. | Civil Action No. 3:19-cv-515-MOC-DSC |

## SUPPLEMENTAL PROTECTIVE ORDER

This Order is a supplement ("Supplemental Protective Order") to the existing Stipulated Protective Order on Confidentiality ("Confidentiality Agreement") (Doc. No. 49), adding Attorneys' Eyes Only protection for confidential commercial information. This Court finds that good cause supports entry of this Supplemental Protective Order and that justice so requires. Now therefore IT IS ORDERED:

1. **Terms:** The defined terms in the Confidentiality Agreement are incorproated herein.

2. **Confidential - Attorneys' Eyes Only:** Information will be designated as "Confidential - Attorneys' Eyes Only" when a party, in good faith, believes that the information and/or documents being produced will reveal confidential commercial information, which is proprietary information that provides a financial or competitive advantage when kept secret and results in financial or competitive harm when disclosed. Confidential commercial information includes customer lists and information; financial, marketing, cost, and revenue information that reveals a party's current or future pricing or negotiating strategy concerning the sale of wholesale electricity (including past information indicative of current strategy); current or future pricing

information (including past information indicative of current pricing); current or future cost and revenue information (including forecasts and past information indicative of current costs and revenues); information disclosing the substance of contract negotiations with customers; and communications reflecting any Confidential – Attorneys' Eyes Only information as it is defined in this Paragraph 2.

3. **Disclosure of Confidential – Attorneys' Eyes Only Information:** Documents designated as "Confidential - Attorneys' Eyes Only" shall not be disclosed or made available to any person except for the attorneys of record for the parties to this litigation, their paralegals or other employees, and retained experts or consultants who are Qualified Persons, contract attorneys, vendors providing litigation support and/or database services to the parties or the parties' counsel.

4. **Adoption of Provisions from the Protective Order:** Paragraphs 3, 5, 8-11,13-14, 16, and 18 of the Confidentiality Agreement shall apply to and govern Confidential – Attorneys' Eyes Only information in the same manner as they apply to and govern Confidential information. Accordingly, Confidential Material shall include documents marked with the words "Confidential - Attorneys' Eyes Only."

5. **Subpoenaed Docuemts:** Paragrah 7 of the Confidentiliaty Agrement is repealed and replaced with this pargraph. Copies of documents or other materials received from third parties pursuant to subpoenas ("Third-Party Documents") shall, within five business days of the receipt of the Third-Party Documents, be furnished by receiving counsel to opposing counsel at opposing counsel's (or his/her client's) expense. Opposing counsel and/or his/her client shall, within ten business days of the Third-Party Documents being received, advise counsel, in writing, if any of the Third-Party Documents are to be designated "Confidential" or

2

"Confidential – Attorneys' Eyes Only." Third-Party Documents shall not be provided to any persons other than those designated in Paragraph 3 of this Supplemental Protective Order until either (a) such counsel is advised by opposing counsel, pursuant to this paragraph, if any of the Third-Party Documents are to receive a "Confidential" or "Confidential – Attorneys' Eyes Only" designation or (b) ten business days from the date the Third-Party Documents are received by opposing counsel, whichever occurs first.

6. **Updated Acknowledgement:** An updated acknowledgement, reflecting the terms of this Supplemental Protective Order, is attached hereto as Exhibit A.

7. **Other Provisions:** The remaining provisions in the Confidentiality Agreement shall operate unchanged except to the extent that such operation would interfere with Paragraphs 1-3 of this Supplemental Protective Order.

**SO ORDERED.**

Signed: February 3, 2021

_____
David S. Cayer
United States Magistrate Judge

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| DUKE ENERGY CAROLINAS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NTE CAROLINAS II, LLC, NTE CAROLINAS II HOLDINGS, LLC, and NTE ENERGY LLC, <br><br> Defendants. | Civil Action No. 3:19-cv-515 |

**ACKNOWLEDGEMENT OF RECEIPT OF CONFIDENTIALITY AGREEMENT AND
AGREEMENT TO BE BOUND THEREBY**

I acknowledge receipt of a copy of the Confidentiality Agreement and the Supplemental Protective Order between the parties to this litigation and I agree to be bound by their terms with respect to any Confidential Material, as defined therein, provided to me pursuant to same. I acknowledge that I have read the Confidentiality Agreement and Supplemental Protective Order and understand their terms and consent to the personal jurisdiction of the United States District Court for the Western District of North Carolina, solely with regard to any matter specifically related to or arising out of my receipt and review and/or use of Confidential Material provided to me pursuant to the Confidentiality Agreement and Supplemental Protective Order.

_____           _____
Date                                                                         Print Name

                                                                        _____
                                                                        Signature