# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| DUKE ENERGY CAROLINAS, LLC,<br><br>    Plaintiff/Counter-Defendant,<br><br>vs.<br><br>NTE CAROLINAS II, LLC, NTE CAROLINAS II HOLDINGS, LLC, NTE ENERGY LLC, and NTE SOUTHEAST ELECTRIC COMPANY, LLC<br><br>    Defendants/Counter-Plaintiffs/Plaintiff<br><br>and<br><br>DUKE ENERGY PROGRESS, LLC and DUKE ENERGY CORPORATION,<br><br>    Defendants. | Civil Action No. 3:19-cv-515-KDB-DSC<br><br>**MOTION FOR RECUSAL** |

Pursuant to 28 U.S.C. § 455 and Local Civil Rule 7.1, NTE Carolinas II, LLC ("NTE Carolinas II"), NTE Carolinas II Holdings, LLC ("NTE II Holdings"), NTE Energy LLC ("NTE Energy"), and NTE Southeast Electric Company, LLC ("NTE Electric," and together with NTE Carolinas II, NTE II Holdings, and NTE Energy, "NTE"), by and through their undersigned counsel, hereby move this Court for entry of an order itself and directing that this matter be assigned to another district judge.

NTE previously raised this matter in a letter submitted *in camera* to Your Honor on October 15, 2021 (ECF 80-1), to which counsel for the Plaintiff/Counter-Defendant/Defendants (collectively, "Duke") responded on October 19, 2021 (ECF 80-2). On October 20, 2021, Your Honor Court entered an order declining to recuse because, *inter alia*, "[t]he undersigned left McGuireWoods … in June 2019, prior to the filing of this matter." (ECF 80, at 1). Your Honor

further noted, "it appears McGuireWoods was not involved in the 'matter in controversy' while I was associated with the firm." (*Id.*). Your Honor therefore declined to recuse but suggested that any formal motion to recuse should be filed by NTE no later than November 3, 2021. (*Id.*).

NTE now files a formal motion to recuse because further investigation has revealed that Your Honor is clearly required to recuse himself pursuant to 28 U.S.C. § 455(b)(2), which mandates recusal when a lawyer with whom the judge was in private practice "served during such association as a lawyer concerning the matter" in controversy. As alleged in NTE's Second Amended Counterclaims (ECF 86, *passim*), the "matter in controversy" here concerns Duke's monopolistic and anticompetitive conduct. Duke's conduct included seizing on the opportunity presented by NTE's request to suspend the Reidsville LGIA by, instead, terminating it—thereby excluding NTE from the wholesale electricity market. (*Id.* ¶¶ 71, *et seq.*).

We now know, from documents Duke has produced in discovery in this case, that McGuireWoods provided legal advice to Duke regarding NTE's suspension of the Reidsville LGIA *in January 2019*, immediately after NTE raised with Duke the possibility of suspending the LGIA for a period of time. (DUKE_0403871[1]). This document reveals that on January 9, 2019, Duke employee Jeff Riggins received an email stating that "NTE-Reidsville might suspend to delay construction." On January 10, 2019, Mr. Riggins forwarded this email to Duke in-house attorney Rebecca Dulin with a copy to McGuireWoods attorney Brett Breitschwerdt. The entirety of Mr. Riggins's email is redacted for privilege, so it is impossible for NTE to know what advice Mr. Riggins was seeking. Under the circumstances, however, an objective observer could reasonably conclude that the redacted material involved a request for legal advice regarding NTE's

---

[1] Discovery documents cited in this Motion and the accompanying memorandum are being submitted *in camera* for the Court's review.

2

possible suspension of the Reidsville LGIA. In short, DUKE_0403871 demonstrates that while Your Honor was still a partner at McGuireWoods, another McGuireWoods lawyer served as a lawyer in the "matter in controversy" here. Recusal is therefore mandated under § 455(b)(2).

Wholly apart from this clear evidence that recusal is required under § 455(b)(2), there are two additional reasons why Your Honor must recuse from this case. First, Your Honor's previous recusal upon the appearance of Duke's lead counsel, then a McGuireWoods partner, is effectively the law of the case. Courts at the federal and state levels have overwhelmingly recognized that a judge, once recused, cannot take any further action in the case, even if the recusal were in error or the conflict requiring recusal has been resolved (neither of which is true here). Your Honor's previous recusal requires that you refuse to accept reassignment of this case to you.

Second, given McGuireWoods's extensive representation of Duke (including, specifically, Plaintiff Duke Energy Carolinas, LLC and Defendant Duke Energy Progress, LLC) in regulatory proceedings, in court matters, and otherwise creates circumstances under which Your Honor's "impartiality might reasonably be questioned" by an objective observer with knowledge of the relevant facts.[2] 28 U.S.C. § 455(a). "Section 455(a) provides that a judge or justice '*shall* disqualify himself'" in this situation. *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998) (quoting 28 U.S.C. § 455(a) (emphasis added by the court)). Since "[t]he goal of section 455(a) is to avoid even the appearance of partiality," *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (internal quotation marks omitted), McGuireWoods's longstanding and ongoing representation of Duke requires recusal here.

---

[2] An objective observer would also consider the fact that Your Honor personally represented Duke while a partner at Hunton & Williams. *See Southern Alliance for Clean Energy v. Duke Energy Carolinas, LLC*, 2008 WL 5110894 (W.D.N.C. Dec. 2, 2008).

3

Respectfully submitted on October 28, 2021.

/s/ *Marguerite S. Willis*
Marguerite S. Willis, NC Bar No. 8045
mwillis@nexsenpruet.com
Kirsten E. Small, NC Bar No. 37057
ksmall@nexsenpruet.com
Nexsen Pruet, PLLC
227 West Trade Street, Suite 1550
Charlotte, NC 28202
(704) 339-0304

John F. Baughman, *pro hac vice*
jbaughman@jfblegal.com
Andrew H. Reynard, *pro hac vice*
areynard@jfblegal.com
Daniel A. Schwartz, *pro hac vice*
dschwartz@jfblegal.com
Ian D. Robertson, *pro hac vice*
irobertson@jfblegal.com
JFB Legal PLLC
500 East Main Street, Suite 1400
Norfolk, VA 23510
(347) 241-6347

Suedeen G. Kelly, *pro hac vice*
skelly@jenner.com
Jenner & Block LLP
1099 New York Avenue, Suite 900
Washington, DC 20001
(202) 639-6066

*Attorneys for Defendants/Counter-Plaintiffs/Plaintiff NTE Carolinas II, LLC, NTE Carolinas II Holdings, LLC, NTE Energy, LLC, and NTE Southeast Electric Company, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 28, 2021, Defendants/Counter-Plaintiffs/Plaintiff filed the foregoing Motion for Recusal via CM/ECF, will serve all counsel of record.

*/s/ Marguerite S. Willis*
Marguerite S. Willis, NC Bar No. 8045
mwillis@nexsenpruet.com
Kirsten E. Small, NC Bar No. 37057
ksmall@nexsenpruet.com
Nexsen Pruet, PLLC
227 West Trade Street, Suite 1550
Charlotte, NC 28202
(704) 339-0304

John F. Baughman, *pro hac vice*
jbaughman@jfblegal.com
Andrew H. Reynard, *pro hac vice*
areynard@jfblegal.com
Daniel A. Schwartz, *pro hac vice*
dschwartz@jfblegal.com
Ian D. Robertson, *pro hac vice*
irobertson@jfblegal.com
JFB Legal PLLC
500 East Main Street, Suite 1400
Norfolk, VA 23510
(347) 241-6347

Suedeen G. Kelly, *pro hac vice*
skelly@jenner.com
Jenner & Block LLP
1099 New York Avenue, Suite 900
Washington, DC 20001
(202) 639-6066

*Attorneys for Defendants/Counter-Plaintiffs/Plaintiff NTE Carolinas II, LLC, NTE Carolinas II Holdings, LLC, NTE Energy, LLC, and NTE Southeast Electric Company, LLC*