| | |
|---|---|
| DUKE ENERGY CAROLINAS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>NTE CAROLINAS II, LLC, NTE CAROLINAS II HOLDINGS, LLC, and NTE ENERGY, LLC,<br><br>      Defendant<br><br><br>NTE CAROLINAS II, LLC, NTE SOUTHEAST ELECTRIC COMPANY, LLC, and NTE ENERGY, LLC,<br><br>      Counterclaim Plaintiffs,<br><br>v.<br><br>DUKE ENERGY PROGRESS, LLC, DUKE ENERGY CORPORATION, DUKE ENERGY CAROLINAS, LLC,<br><br>      Counterclaim Defendants. | Civil Action No. 3:19-cv-515-KDB-DSC<br><br><br>**MEMORANDUM IN SUPPORT OF THE DUKE ENERGY PARTIES' MOTION TO SEAL AN EXHIBIT REFERENCED IN CONNECTION WITH THEIR MEMORANDUM IN SUPPORT OF THEIR OBJECTION AND MOTION FOR RECONSIDERATION OF THE ORDER DENYING THE REQUEST FOR PROTECTIVE ORDER** |

      Plaintiff/Counter Defendant Duke Energy Carolinas, LLC, together with Counter Defendants Duke Energy Progress, LLC and Duke Energy Corporation (collectively the "Duke Energy Parties" or "Duke"), through its undersigned counsel, respectfully submit this Memorandum in Support of their Motion to Seal an Exhibit Referenced in Connection with Their Memorandum in Support of Their Objection and Motion for Reconsideration of the Order Denying the Request for Protective Order (the "Motion to Seal"). As articulated herein, sealing

Exhibit E (the "Exhibit") is appropriate to avoid disclosure of confidential and proprietary information produced by Duke during discovery.

## BACKGROUND

On September 29, 2021, NTE Carolinas II, LLC, NTE Carolinas II Holdings, LLC, and NTE Energy LLC (collectively "NTE") served a Notice of Deposition on Duke for the deposition of Duke Energy Corporation's Chief Executive Officer, Lynn Good. Thereafter, Duke sought a protective order from the U.S. Magistrate Judge assigned to this matter, Judge David S. Cayer, (the "Magistrate") to preclude NTE from deposing Ms. Good. On October 28, 2021, the Magistrate issued a docket text order denying Duke's request for a protective order and allowing the deposition to proceed (the "Order"). Accordingly, Duke has filed an Objection and Motion for Reconsideration (the "Motion for Reconsideration") with this Court requesting the Order be set aside, pursuant to Fed. R. Civ. Pro. 72(a).

In support of the Motion for Reconsideration, Duke respectfully submits to this Court a Memorandum in Support, which contains Exhibits A through F attached thereto. As noted in the Motion for Reconsideration, NTE contends Exhibits C through F support their request to depose Duke Energy Corporation's CEO, Lynn Good. Notably, Exhibit E (the "Exhibit") contains confidential and proprietary information previously designated by Duke as "Confidential – Attorney's Eyes Only" pursuant to the Stipulated Protective Order on Confidentiality (ECF No. 49) and the Supplemental Protective Order (ECF No. 57). Thus, to protect its confidential and proprietary information, Duke request this Court to allow it to file Exhibit E under seal.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. ("Rule") 5.2(d), U.S. District Courts may order that a filing be made under seal. Filing a document under seal is considered appropriate when the document

contains non-public information that may damage a party or non-party upon its release. *See Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., Inc.*, No. 1:05-cv-955, 2011 WL 6934696, at \*5-\*8 (M.D.N.C. Dec. 30, 2011). Notably, courts in North Carolina have consistently held that confidential financial and business information may be sealed upon request. *See Jones v. Lowe's Cos.*, 402 F. Supp. 3d 266, 291-292 (W.D.N.C. 2019) (shielding various portions of deposition testimony discussing sensitive corporate business strategies and financial data from public view); *Trapp v. Suntrust Bank*, No. 1:15-CV-937, 2016 WL 6833986 (M.D.N.C. Nov. 18, 2016) (granting a motion to seal a bank's financial records that were deemed confidential during discovery and contain sensitive business information).

Under Local Civil Rule 6.1, a party wishing to file a document under seal may make a motion setting forth the following: "(1) a non-confidential description of the material sought to be sealed; (2) a statement as to why sealing is necessary and why there are no alternatives to filing under seal; (3) unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and (4) supporting statutes, case law or other authority." L.R. 6.1(C); *see also Collins v. Chem. Coatings, Inc.*, No. 5:07-cv-116, 2008 WL 5105277 (W.D.N.C. Dec. 1, 2008).

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, a district court must "first 'determine the source of the right of access with respect to each document.'" *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (quoting *Va. Dep't of State Police*, 386 F.3d at 576). Procedurally, a district court presented with a sealing request must

> (1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives.

*Id.* at 272. The burden rests on the party seeking to keep information sealed. *Va. Dep't of State Police*, 386 F.3d at 575.

## ARGUMENT

**I.  The Exhibit Duke Seeks to File Under Seal Contains Confidential Commercial Information that is Covered by the Protective Orders Previously Issued by this Court and Must Be Sealed Because No Other Reasonable Alternative to Sealing Exists.**

Under the Stipulated Protective Order on Confidentiality (ECF No. 49) and the Supplemental Protective Order (ECF No. 57) (collectively the "Protective Orders") previously issued by this Court, material may be designated as "Confidential Attorneys' Eyes Only" when it contains confidential commercial information, which is proprietary information that provides a financial or competitive advantage when kept secret and results in financial or competitive harm when disclosed. (ECF No. 57).

Here, the Exhibit Duke seeks to file under seal consists of information not available to the public and also contains proprietary financial information that, if released in unredacted form, would undermine Duke's competitive business interests by revealing sensitive information to its competitors. Thus, Duke was justified in previously designating the Exhibit as "Confidential – Attorneys' Eyes Only" and sealing the Exhibit is necessary to protect Duke's business interests.

Furthermore, as discussed in the Motion to Seal, there is ***no reasonable alternative*** to sealing the Exhibit because NTE's basis for deposing Ms. Good is partially dependent on the contents of Exhibit E. Accordingly, this Court must have the opportunity to review an unredacted copy of the document to fairly adjudicate the merits of Duke's Motion for Reconsideration.

## II. The Exhibit Must Be Maintained Under Seal for the Duration of this Lawsuit.

Due to the highly sensitive nature of the financial information contained in the Exhibit, Duke respectfully requests the Court maintain the Exhibit under seal for the duration of this lawsuit. Upon termination of this litigation, with the Court's permission, Duke will formally request to retrieve all copies of the sealed materials from the Court's files.

## III. Applicable Case Law Supports Duke's Motion to Seal.

In the Section outlining the Legal Standard herein, Duke presents the existence of supporting case law to support its Motion to Seal, as required by Local Rule 6.1. Pursuant to this case law previously cited—which includes relevant decisions published by this Court—Duke has a supportable basis to seek the Motion to Seal.

## CONCLUSION

For the reasons set forth herein, the Duke Energy Parties respectfully request entry of an order granting leave to file the Exhibit under seal.

Respectfully Submitted,

        s/ Jason D. Evans
        Jason D. Evans (N.C. Bar No. 27808)
        Andrew D. Atkins (N.C. Bar No. 44188)
        Mary K. Grob (N.C. Bar No. 49240)
        TROUTMAN PEPPER HAMILTON SANDERS LLP
        301 S. College St., 34th Floor
        Charlotte, NC 28202
        (704) 916-1502 (direct)
        jason.evans@troutman.com
        andrew.atkins@troutman.com
        mary.grob@troutman.com

Douglas G. Green (admitted *Pro Hac Vice*)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-6212 (direct)
dgreen@steptoe.com

*Counsel for Duke Energy Carolinas, LLC, Duke Energy Progress, LLC, and Duke Energy Corporation*