IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00515-KDB-DSC

| | |
|---|---|
| DUKE ENERGY CAROLINAS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NTE CAROLINAS II HOLDINGS, LLC., ET AL., <br><br> Defendants. | ORDER |

**THIS MATTER** is before the Court on Defendants' Motion for Recusal (Doc. No. 89). The Court has carefully considered this motion, the parties' briefs and exhibits and oral argument on the motion from the parties' counsel on December 7, 2021. While Defendants specifically disclaim any contention that the undersigned judge (hereafter the "Judge") "harbors improper bias or prejudice concerning this case," they nevertheless seek his recusal under 28 U.S.C. § 455 based on their allegations and arguments that 1) McGuireWoods, one of the Judge's former law firms,[1] provided representation to Plaintiff Duke Energy Carolinas, LLC or related entities ("Duke") on the "matter in controversy" while the Judge was a member of the firm; 2) the Judge previously recused himself from this matter; and 3) considering all the relevant circumstances an observer might reasonably question the Court's impartiality.

---

[1] Judge Kenneth D. Bell was sworn in as a member of this Court in June 2019. Prior to becoming a Federal District Court Judge, Judge Bell was a federal prosecutor in the Western District of North Carolina for 18 years and a member of three national law firms in their Charlotte, North Carolina offices – Mayer Brown, Hunton & Williams and McGuireWoods (where he was a partner immediately preceding his appointment to the Court).

1

As discussed below, the Court finds that McGuireWoods did not represent Duke in the "matter in controversy" while the Judge was a member of the firm, the Judge has not previously ruled on his recusal in this matter and that a knowledgeable person would not reasonably question the Court's impartiality based on the fact that one of the Judge's former law firms – which does not even represent any party in the case (and only did so for less than two months nearly two years ago) – has represented Duke on numerous occasions in the past. Accordingly, for those reasons and the other reasons discussed below, the Court will **DENY** the motion.

## I. LEGAL STANDARD

Recusal may be required under either the Due Process Clause or federal recusal statutes. *United States v. Richardson*, No. 17-4760, 2019 WL 6769752, at *7 (4th Cir. Dec. 12, 2019). The Due Process Clause requires recusal when "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). No actual bias is alleged here; indeed, Defendants emphasize that they have made no such claim. *See* Doc. No. 104 at 5. ("NTE [has] made clear … that it is "*not* asserting Your Honor harbors improper bias or prejudice concerning this case.") (emphasis in original).

The governing relevant federal recusal statute is 28 U.S.C. § 455. In pertinent part, that statute provides:

> (a)   Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b)   He shall also disqualify himself in the following circumstances: …
>
> (2)   Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter ….

However, a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Tallant v. Tallant*, No. 520CV00129KDBDCK, 2020 WL 6813227, at *3 (W.D.N.C. Oct. 14, 2020); *Nicholas v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

Defendants bear the burden, as the parties moving for recusal under Section 455, to demonstrate that the presiding judge should recuse himself. *See United States v. DeTemple,* 162 F.3d 279 (4th Cir.1998). The decision on whether to recuse is ultimately left to the judgment and discretion of the judge, whose recusal decision is reviewed only for abuse of that discretion. *See United States v. Stone*, 866 F.3d 219, 229 (4th Cir. 2017); *Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 167 (4th Cir. 2014).

## II. FACTS AND PROCEDURAL HISTORY

This matter is a major business dispute involving Duke's claims that Defendants (collectively "NTE") breached a 2017 Large Generator Interconnection Agreement related to a new power plant that NTE planned to build in Reidsville, North Carolina (the "LGIA") and Defendants' counterclaims alleging that Duke violated the federal antitrust laws and state law in connection with the competition between Duke and NTE for wholesale power sales (*i.e.*, sales of electricity to wholesale customers, such as municipalities that operate their own local electric utilities). *See generally*, Doc. Nos. 114, 86.

Plaintiff filed this action in North Carolina state court against NTE on September 6, 2019. NTE removed the action to this Court on October 8, 2019, on the grounds of federal question jurisdiction. On December 11, 2019, NTE answered the complaint, which has recently been amended, and asserted their counterclaims against Plaintiff, which also have now (twice) been amended. *See* Doc. Nos. 11, 18, 86, 114.

Upon removal, this case was initially assigned to Senior Judge Graham Mullen. On November 26, 2019, the case was administratively reassigned to the undersigned. On December 18, 2019, co-plaintiff's counsel Jason Evans, who at the time was a partner of McGuireWoods, entered his appearance on behalf of Duke. Then, the case was briefly administratively reassigned back to Senior Judge Mullen before being assigned to Judge Max Cogburn, Jr. It remained with Judge Cogburn until October 8, 2021, when it was again assigned to the Judge by the Clerk of Court.

On October 15, 2021, NTE submitted a letter to the Court arguing that recusal was required under 28 U.S.C. § 455. In response, Duke sent the Court a letter opposing recusal. On October 20, 2021, the Court entered an order declining the recusal request, but inviting NTE to formally seek recusal by motion (which the Court would consider *de novo*) if it wanted to do so. *See* Doc. No. 80. NTE filed its Motion for Recusal on October 28, 2021. That motion is now fully briefed, and the parties have been given the opportunity to present oral argument to the Court on the motion. The motion is now ripe for the Court's *de novo* ruling.

### III. DISCUSSION

#### A. Section 455(b)(2) – Representation in the "Matter in Controversy"

As its first argument, NTE claims that the Judge must recuse himself under Section 455(b) because McGuireWoods allegedly represented Duke in the "matter in controversy" while Judge Bell was in the firm. If this allegation is true then, regardless of the Judge's acknowledged lack of bias, the statute requires recusal. *See* 28 U.S.C. §455(b)(2). However, NTE has not established that McGuireWoods represented Duke in the "matter in controversy."

There is no dispute that this case was not filed until September 2019, months after Judge Bell left McGuireWoods and McGuireWoods did not serve as counsel in the case until December

4

2019 (and then only briefly). Similarly, McGuireWoods' representation of Duke in a FERC proceeding involving NTE did not begin until November 2019, again after the Judge left the firm. Thus, NTE seeks to rely on other McGuireWoods' representations of Duke prior to the Judge's departure to prove that the firm was counsel in the "matter in controversy" sufficiently to invoke the recusal statute.

As noted, NTE bears the burden, as the party moving for recusal under § 455(b), to demonstrate that the presiding judge or one of his former law partners "served in the matter in controversy." *See DeTemple,* 162 F.3d at 287 (dismissing a party's § 455(b) argument after noting that he had failed to show that the judge's former law partners or the judge himself served in the "matter in controversy"); *See also Kolon Indus., Inc. v. E.I. du Pont de Nemours & Co.*, 846 F. Supp. 2d 515, 527 (E.D. Va. 2012), *aff'd sub nom; Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.,* 748 F.3d 160 (4th Cir. 2014). While the "matter in controversy" is broader than just the particular case before the Court, the previous matter asserted as the grounds for recusal must at least play a role in the defense or prosecution of the case in which the Court is considering recusal. *DeTemple,* 162 F.3d at 284.

In *DeTemple*, the Court of Appeals looked at the degree of connection between the prior case in which the judge's partners were involved and the case over which the judge was then presiding. *Id.* at 285. Although the court acknowledged that there was some overlap in the two cases, the Fourth Circuit held in that case that: "DeTemple has failed to show that the [matter which involved the former partner] concerned the case against him in more than a tangential way." Further, in deciding *DeTemple,* the court cited with approval the decision of the Eighth Circuit in *Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1,* 839 F.2d 1296, 1302 (8th Cir.1988) for the proposition that "issues in dispute must be 'sufficiently related' to constitute parts

5

of same matter in controversy." *DeTemple,* 162 F.3d at 286. That is, the mere fact "that two suits might have some facts in common [is] not controlling on whether they qualify as the same matter in controversy." *Id*.

Based on that governing standard, NTE has not carried its burden to connect McGuireWoods' prior representations of Duke while the Judge was a member of the firm to the "matter in controversy." Accepting NTE's allegations, for a number of years preceding the allegations of wrongful conduct in this matter (which according to NTE began in the Spring of 2019) McGuireWoods represented Duke in regulatory utility commission proceedings in South Carolina and other states and FERC hearings on electric "formula rate" disputes involving the City of Fayetteville and other wholesale electric customers. Prior to oral argument,[2] NTE did not argue that any of those proceedings had any relationship to either Duke's claims or NTE's counterclaims. Rather, NTE argued that "McGuireWoods represented Duke in the 'matter in controversy,'" which it described as "NTE's suspension of the Reidsville LGIA and Duke's full court press to keep Fayetteville as a client …" *See* Doc. No. 104 at 6. Thus, the question becomes whether NTE has offered any evidence to support the conclusion that McGuireWoods represented Duke with respect to either the suspension of the Reidsville LGIA or in connection with Duke's efforts to keep Fayetteville as a client. The answer is no.

With respect to "suspension" of the LGIA, the only evidence NTE points to is an email chain in which a McGuireWoods lawyer was copied on one email (presumably because he was

---

[2] At oral argument, NTE argued that Duke's "formula rate" disputes which predated Duke's alleged wrongful conduct against NTE were part of the "matter in controversy" because those disputes reflected Duke's alleged anti-competitive conduct and the unhappiness of wholesale customers prior to NTE's entry into the market. However, even to the extent that customer rate disputes themselves could be considered evidence of anti-competitive conduct, the disputes are matters of public record and McGuireWoods' representation of Duke in the FERC hearings would be at most tangential to the "matter in controversy" here.

6

involved in the South Carolina regulatory proceeding to which the emails related, although even that connection is not evident from the email chain). In the email chain, it is merely mentioned that the Reidsville LGIA might be suspended. There is no indication in the email chain that McGuireWoods was engaged to provide any advice with respect to the potential suspension. Also, NTE has offered no evidence that McGuireWoods was involved in any effort by Duke to retain Fayetteville as a client. On the contrary, the only alleged representation undertaken by McGuireWoods related to Fayetteville was apparently as an adverse party in a FERC hearing. Therefore, even accepting that suspension of the LGIA and Duke's efforts to extend its relationship with Fayetteville are within the "matter in controversy," there does not appear to be evidence that McGuireWoods represented Duke with respect to either issue prior to the Judge leaving the firm. So, recusal is not required under Section 455(b).

B.  **Alleged Prior "Recusal"**

NTE's second argument for recusal is that because the Judge allegedly already "recused" himself once, he may not now accept the case, supposedly to avoid the possibility that a judge and/or others might conspire to remove disqualifying conditions then return a judge to a case. *See Moody v. Simmons*, 858 F.2d 137, 143 (3d Cir. 1988) ("Once a judge has disqualified himself, he or she may enter no further orders in the case."). NTE misunderstands the earlier reassignment of this case and its inapplicability to the principle of discouraging "reconsideration" of a previous recusal.

Contrary to NTE's allegation, the Judge has not previously considered recusal or recused himself in this matter. Rather, the earlier reassignment of the case when McGuireWoods appeared as counsel was the result of the Judge's policy that all cases involving McGuireWoods would, as a prophylactic measure and for administrative convenience, not be assigned to the Judge for two

7

years following the beginning of his judicial service to avoid the need to even consider recusal in any particular case. That is, although over the course of the two years there were likely to have been a number of cases involving McGuireWoods in which the parties would have had no objection to the Judge presiding, the Judge made the administrative decision that no cases involving McGuireWoods would be assigned to him so that the issue of recusal related to McGuireWoods simply did not have to be addressed. Therefore, when this matter was reassigned from the Judge back to Judge Mullen (and then to Judge Cogburn) in December 2019, the reassignment did not reflect a considered "recusal" so as to invoke any "rule" prohibiting assignment of a case to a judge following an earlier recusal in the same matter.

Further, even if the initial reassignment of this case to another judge reflected a "recusal" that triggers consideration of the "rule" NTE advocates, the circumstances here do not in any way implicate the reasoning behind not permitting "reconsideration" of recusals (i.e. to avoid the possibility of mischief). In this case, Judge Cogburn's decision – completely unrelated to the Judge – to recuse himself from the case led to the Clerk of Court's reassignment of the case (over two years after the Judge left McGuireWoods and more than 18 months after McGuireWoods was uninvolved) to the Judge. In other words, no one took any action at all to remove any potential grounds for recusal. Thus, there is no sound reason in either the facts or the asserted policy rationale urged by NTE for the Judge to be recused based on the earlier administrative reassignment of the case.

### C. Section 455(a) – Reasonable Question as to Impartiality

NTE's final argument is that the Judge must recuse himself under Section 455(a) because an observer with knowledge of the circumstances would reasonably question the Judge's impartiality. This argument is wholly meritless and frankly raises the strong suspicion that NTE's

<sub>8</sub>

recusal motion is simply judge shopping. No reasonable person could conclude based on the totality of the relevant circumstances that the Judge's impartiality is in question based on his prior association with McGuireWoods. First and foremost, McGuireWoods does not represent any party in this case[3] and in fact only did so for a very brief period of less than two months, ending nearly two years ago. Also, even if McGuireWoods had any current or substantial prior involvement in the case, the Judge left McGuireWoods almost two and a half years ago so his connection to that firm, as with his former membership in his two other former law firms and long service in the United States Attorney's Office, is attenuated by sufficient time that a reasonable person would not impute any lack of impartiality from the mere fact of his prior relationship to the firm. *See Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co.*, 307 F.3d 617, 621-22 (7th Cir. 2002) ("The norm among new appointees to the bench is that once two years pass, perhaps even earlier, a judge is free to sit in controversies involving former clients.").

Again, NTE does not allege that the Judge bears any actual bias in favor of Duke or even that the Judge worked on any matters connected to Duke during his work at McGuireWoods. Thus, NTE's broad attack under Section 455(a)[4] suggests that the Judge would have to recuse himself from any case in which a party had been a significant client of McGuireWoods while he was at

---

[3] Jason Evans, a former McGuireWoods partner who is now a member of Troutman Pepper Hamilton Sanders, LLP, is co-counsel for Duke along with several out-of-state lawyers from another large national firm; however, NTE has (quite properly) not raised any challenge to the Judge's handling of the case based on Mr. Evans' or any other former McGuireWoods lawyer's participation.

[4] Remarkably (and almost comically as to its suggested effect on a *reasonable* observer), NTE also references as evidence of the Judge's potential lack of impartiality a *pro bono* award jointly given to Duke, Bank of America and McGuireWoods entitled the "Collaborative Pro Bono Award." This award was given for a "Day of Legal Advocacy" to provide legal services to those in need of such aid in which lawyers from all of these entities, and perhaps many other members of the bar, participated. Plainly, a day's collective participation by unnamed McGuireWoods, Duke and other lawyers in *pro bono* service to the community, which is the obligation of all lawyers and is not alleged to have any connection to the Judge, cannot be grounds for the Judge's recusal here.

9

the firm (and perhaps also clients of the other firms when he was a member), even where, as here, the firm is not a counsel in the case. This is a patently unreasonable view which is contrary to law and unsupported by any authority cited by NTE. *See, e.g., United States v. Davis*, 801 F. App'x 75, 78 (4th Cir. 2020) ("A judge's prior representation of a litigant generally does not require the judge's recusal"); *Sphere Drake*, 307 F.3d at 621-22("Nothing in the Code of Conduct for federal judges makes prior representation of a litigant a disqualifying event."). Thus, the Court finds that NTE has not shown that the Judge's impartiality might reasonably be questioned and recusal is therefore not warranted under Section 455(a).

In summary, there is no proper basis for the Judge to recuse himself in this matter and the motion will be denied. Absent sufficiently established grounds for recusal, the Judge has an obligation to handle this case (which, again, has been assigned to him by the clerk's office through no effort or request of his own) rather than adding this matter to the already busy caseload of another judge of this Court. However, in denying this motion, the Court wants to be clear to all parties that it expresses no view – and indeed has no view at this stage of the proceedings – as to the merits of this case and will, as it seeks to do in all its matters, consider the parties' positions and apply the law without favor to either party as the case moves forward.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Recusal (Doc. No. 89) is **DENIED;** and

2. This case shall proceed to a determination of the merits of the parties' respective claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 8, 2021

Kenneth D. Bell
United States District Judge