IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DUKE ENERGY CAROLINAS, LLC,<br><br>    Plaintiff/Counter-Defendant<br><br>vs.<br><br>NTE CAROLINAS II, LLC, NTE CAROLINAS II HOLDINGS, LLC, NTE ENERGY LLC, NTE SOUTHEAST ELECTRIC COMPANY, LLC, NTE ENERGY SERVICES COMPANY, LLC, and CASTILLO INVESTMENT HOLDINGS II, LLC<br><br>    Defendants/Counterclaimants/<br>    Plaintiffs<br><br>vs.<br><br>DUKE ENERGY PROGRESS, LLC, AND DUKE ENERGY CORPORATION<br><br>    Defendants. | Civil No. 3:19-cv-515-KDB-DSC<br><br>**SECOND SUPPLEMENTAL PROTECTIVE ORDER** |

This Order is a second supplement ("Second Supplemental Protective Order") to the existing Stipulated Protective Order on Confidentiality ("Protective Order") (Doc. No. 49), as supplemented by the Supplemental Protective Order ("First Supplemental Protective Order") (Doc. No. 57), adding additional protection to the existing Attorneys' Eyes Only provisions for confidential commercial information produced by non-party GDS Associates, Inc. ("GDS"). This Court finds that good cause supports entry of this Second Supplemental Protective Order and that justice so requires. Now therefore IT IS ORDERED:

1.     **Terms**: The defined terms in the Protective Order and First Supplemental Protective Order are incorporated herein.

2. **Production by GDS**: GDS will produce, pursuant to the subpoena served upon it by Defendants/Counterclaimants, documents and information (the "GDS Production") subject to the Confidential – Attorneys' Eyes Only provisions of the First Supplemental Protective Order. GDS has determined, however, that such designation is insufficiently protective of confidential commercial information of third parties who were bidding on the power supply requirements of the Fayetteville Public Works Commission (the "PWC") that is contained within the GDS Production.

3. **Disclosure and Redaction of the GDS Production**: Attorneys of record for the parties to this litigation (including their paralegals and other employees, contract attorneys, and vendors providing litigation support and/or database services to the parties' counsel) shall not disclose or make available to any person – including specifically any retained expert or consultant – except pursuant to the terms of the Protective Order, First Supplemental Protective Order and Second Supplemental Protective Order, AND without first redacting all information as required by this paragraph. All pricing and confidential commercial information of any third party – *i.e.,* any entity other than a party to this lawsuit – bidding on the power supply requirements of PWC shall be redacted. The redactions shall include (but not be limited to) pricing, terms, bidding strategy, data and financial assumptions, and bidding changes. For purposes of clarity, except as provided herein the parties may not provide unredacted GDS Production to experts or consultants who are Qualified Persons; only redacted GDS Production may be provided to experts or consultants who are Qualified Persons.

4. **No Amendment by Agreement**: This Second Supplemental Protective Order and its requirements may not be modified or amended, nor shall any information redacted pursuant to Paragraph 3 be disclosed to any expert or consultant who is a Qualified Person, solely by

agreement of the parties but only by order of this Court with reasonable advance notice to GDS (through counsel).

**SO ORDERED.**

Signed: January 14,

David S. Cayer
United States Magistrate Judge