## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| DUKE ENERGY CAROLINAS, LLC,<br><br>Plaintiff /Counter-Defendant,<br><br>vs.<br><br>NTE CAROLINAS II, LLC, NTE CAROLINAS II HOLDINGS, LLC, AND NTE ENERGY, LLC,<br><br>Defendants/Counterclaimants/Plaintiffs,<br><br>DUKE ENERGY PROGRESS, LLC, AND DUKE ENERGY CORPORATION<br><br>Defendants. | Civil Action No. 3:19-cv-515-KDB-DSC<br><br><br>**FIRST AMENDED STIPULATION AND ORDER GOVERNING THE PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS AND FOR THE CONFIDENTIALITY OF DEPOSITION TRANSCRIPTS** |

**WHEREAS**, the parties (the "Parties") to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include taking depositions;

**WHEREAS**, pursuant to Federal Rule of Civil Procedure 30(b)(4), the Parties stipulate that certain depositions may be conducted remotely;

**WHEREAS,** the Parties anticipate that certain portions of the deposition testimony will contain "Confidential" or "Confidential – Attorneys' Eyes Only" information, as those terms are defined in the Stipulated Protective Order on Confidentiality dated December 22, 2020 (Dkt. No. 49) and the Supplemental Protective Order dated February 3, 2021 (Dkt. No. 57) (hereinafter, "Confidential Information" or "AEO Information"), respectively.

**IT IS HEREBY STIPULATED AND AGREED** by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, that this Stipulation and [Proposed] Order Governing the Protocol for Conducting Remote Depositions and for the Confidentiality of

Deposition Transcripts ("Order") will govern the protocol for conducting depositions in this Litigation:

**A.      Remote Deposition Protocol**

1.      The Parties shall determine with reasonable advance notice whether any depositions of parties, or any non-party deponent, shall be conducted remotely using videoconference technology.

2.      In the event that a deponent or party wishes to have their counsel present in person during a deposition, the deponent or his or her counsel, shall provide all counsel with notice of this fact and the identity of that counsel who will attend the deposition at least four business days before the deposition.  In that event, any other counsel of record may also attend the deposition in person, subject to any COVID-19 related restrictions or protocols in place at the time of the deposition. Any person who is present in the room where the deponent is located shall state his or her appearance for the record and be visible to those participating in the deposition remotely at all times unless otherwise agreed to by the parties.

3.      The Party that notices a deposition ("Noticing Party") shall be responsible for engaging a service provider to provide court reporting, videoconference and remote deposition services (the "Service Provider") and shall be responsible for procuring a written transcript and, to the extent ordered by the Noticing Party, a video record of the remote deposition.

4.      The Noticing Party shall provide the Service Provider with a copy of this Remote Deposition Protocol.

5.      The Parties agree that video-recorded remote depositions undertaken pursuant to this Order may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these video recordings on

2

the basis that the deposition was taking remotely.  The Parties reserve all other objections to the use of any deposition testimony at trial.

6.      The Parties agree that the deponent, counsel taking the deposition, and counsel defending the deposition, as well as any other counsel making an on-record statement, shall be visible to all other participants and their statements shall be audible to all participants.  The goal of this provision is to ensure a complete video and stenographic record of the deposition.  In addition, all individuals who attend the deposition should strive to ensure that their environment is free from noise and distractions.

7.      The Parties agree that in lieu of an oath administered to the deponent by an "Officer" as defined by Fed. R. Civ. P. (28)(a)(2), the deponent shall affirm for the record that the testimony provided will be the truth, the whole truth, and nothing but the truth under the penalties of perjury.  The Parties further agree that that this affirmation meets the requirements of all applicable rules of evidence and will not raise evidentiary challenges or object to the admissibility of the deponent's testimony on this basis.

8.      The Parties agree to work collaboratively and in good faith with the Service Provider, the deponent, and the deponent's counsel (if a non-party) to address and troubleshoot any technical (including audio or video) issues that may arise before or during a deposition.  This provision shall not be interpreted to compel any Party to proceed with a deposition made unduly difficult due to technical issues including, without limitation, any inability of the deponent, counsel for the deponent or the Parties, or the court reporter/videographer, to see, hear, or understand each other.  The Parties agree that any deposition adjourned due to technical problems that cannot be resolved within a reasonable time will be rescheduled at a mutually convenient date and time. In such circumstance, on-record time lost due to technical problems shall not count against the 7-hour limit set forth in Fed. R. Civ. P. 30(d)(1).

3

9.     The Parties agree that this Order applies to remote depositions of non-parties under Fed. R. Civ. P. 45.  The Noticing Party shall provide this Order to any non-party deponent or his/her counsel at least five business days prior to the date of the non-party deponent's deposition.

10.     The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

(i)     The Noticing Party may choose to mail or courier physical copies of documents that may be introduced as exhibits during the deposition to the deponent, the deponent's counsel (if any), the other Party's counsel, and the Service Provider.  In that event, that Noticing Party shall provide notice prior to mailing or couriering the documents and shall provide tracking information for the package.  Such documents shall be delivered by 11:00 pm local time for the deponent on the business day before the deposition.  Counsel for the deponent, the other Party's counsel, and the court reporter shall provide confirmation of receipt to the Noticing Party.  If physical copies are mailed, every recipient of a mailed package shall not review the contents of the package until the deposition begins and only when directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the deponent.

(ii)    The Noticing Party may choose to send a compressed .zip file or online file-transfer protocol of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other Party's counsel, and the Service Provider.  The .zip file shall be delivered by 11:00 pm ET the business day before the deposition.  Counsel for the deponent, the other Party's counsel, and the court reporter shall provide confirmation of receipt to the Noticing Party. The .zip

4

file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition. The parties may modify these procedures by mutual agreement and reserve their rights to seek reasonable modifications of these procedures as appropriate in individual circumstances.

(iii) The Noticing Party may choose to introduce exhibits electronically by uploading the exhibits to a Microsoft SharePoint site, Veritext Exhibit Share site, or other electronic platform for sharing documents provided by the Service Provider or the Noticing Party, or as otherwise agreed. The Parties will have access to the SharePoint site or other electronic platform for sharing documents via a link distributed by the Service Provider to counsel for the Parties and the deponent in advance of the deposition. The Parties may upload all exhibits to the SharePoint share file site or other electronic platform for sharing documents at one time, or individually as they are introduced. The deponent shall refer to the exhibits on his or her own screen. If an exhibit constitutes only part of a document, deposing counsel must provide the deponent access to the entire document (i.e., the entire document available to deposing counsel) upon request by the deponent. The Reporter or the Party introducing the exhibit shall mark the exhibit with an electronic label, at which point the exhibit shall become part of the official deposition record.

**B.      Confidentiality of Deposition Transcripts**

118462424v1

1. Those portions of transcripts of depositions or other pre-trial testimony taken in this action that a party in good faith believes contains Confidential Information or AEO Information may be given the protections under the Stipulated Protective Order on Confidentiality dated December 22, 2020 (Dkt. No. 49) or the Supplemental Protective Order dated February 3, 2021 (Dkt. No. 57) by (i) a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice, sent by counsel, to all parties within fifteen days after receiving the transcript thereof. In both of the foregoing instances, the designating party shall direct the court reporter that the appropriate confidentiality legend be affixed to the first page all portions of the original and all copies of the transcript containing any Confidential Information or AEO Information designated by such counsel.

2. During the first fifteen days following the receipt of a transcript, the entire transcript shall be treated as AEO Information. Thereafter, and after the designating party reports to the Service Provider which portions of the transcript, if any, shall be deemed Confidential Information or AEO Information, the remainder of the transcript not so designated may be used for any purpose, including in any filings in this Litigation.

3. All challenges to any designation of deposition transcripts as Confidential Information or AEO Information shall be resolved in the same manner as set forth in the Stipulated Protective Order on Confidentiality dated December 22, 2020 (Dkt. No. 49) and the Supplemental Protective Order dated February 3, 2021 (Dkt. No. 57).

**SO ORDERED.**

Signed: January 24, 2022

_____

David S. Cayer
United States Magistrate Judge

6

Respectfully Submitted,

_s/ Mary K. Grob_ _____
Mary K. Grob, NC Bar No. 49240
Jason D. Evans, NC Bar No. 27808
mary.grob@troutman.com
jason.evans@troutman.com
TROUTMAN PEPPER HAMILTON
SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, North Carolina 28202
Phone: (704) 916-1507

Douglas G. Green, *pro hac vice*
dgreen@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Phone: (202) 429-6212

*Attorneys for Plaintiff/Counter-Defendant and Defendants*


_s/ Marguerite S. Willis_____
Marguerite S. Willis, NC Bar No. 8045
MWillis@nexsenpruet.com
Kirsten E. Small, NC Bar No. 37057
KSmall@nexsenpruet.com
NEXSEN PRUET, PLLC
104 South Main Street, Suite 900
Greenville, SC 29601
(864) 282-1112

John F. Baughman, *pro hac vice*

7

jbaughman@jfblegal.com
Daniel A. Schwartz, *pro hac vice*
dschwartz@jfblegal.com
Livia Fine, *pro hac vice*
lfine@jfblegal.com
Ian D. Robertson, *pro hac vice*
irobertson@jfblegal.com
JFB LEGAL, PLLC
500 East Main Street, Suite 1400
Norfolk, VA 23510
(347) 241-6347

*Attorneys for Defendants/*
*Counterclaimants/Plaintiffs*

8