IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00515-KDB-DSC

| | |
|---|---|
| DUKE ENERGY CAROLINAS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NTE CAROLINAS II LLC et. al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Compel Documents in Response to Second Requests for Production and Motion for Expedited Briefing" (document #130), "Motion to Compel the Production of Improperly Withheld Documents" (document #154) "Consent Motion for Expedited Briefing" (document #157), and Defendants' "Motion to Compel" (document #138), as well as the parties' briefs and exhibits.

The Court has carefully reviewed the record, the authorities and the parties' arguments.

Plaintiff's "Motion to Compel Documents in Response to Second Requests for Production and Motion for Expedited Briefing" (document #130) seeks production of any responsive documents and other information without regard to whether they were created before or after January 30, 2020. The parties initially agreed to limit the scope of discovery to documents and information dating before January 30, 2020. But Plaintiff credibly represents that documents and information created after that date could bear directly on Defendants' allegations that it continues to deter potential customers from doing business with Defendants' Reidsville Energy Center. This information is subject to discovery.

Plaintiff's "Motion to Compel the Production of Improperly Withheld Documents" (document #154) seeks production of two categories of documents. Defendants claim attorney-client and/or work product privilege as to both. The first document entitled "Schedule Concerns" was prepared by non-lawyer Michael Green. Defendant deposed Green to preserve his testimony. He testified on many of the topics addressed in the "Schedule Concerns" document. Second, Plaintiff seeks production of a series of email chains. Some of these were copied to counsel, but none address counsel or contain advice or other content authored by counsel. The Court has previously held that an in-house attorney's "internal communications … and legal advice and legal analysis are likely to be privileged," but that same person's "external communications and conduct as a negotiator is not." "Order" (document #116) at 5. Applying that holding here, both items are subject to discovery.

In their "Motion to Compel" (document #138), Defendants seek production of two categories of documents which Plaintiff claims are within attorney-client privilege. The first category includes documents where Plaintiff's employees acknowledged that it was required to obtain approval from the Federal Energy Regulatory Commission before it could terminate the parties' Large Generator Interconnection Agreement. The second category includes documents related to the Fayetteville Public Works Commission. Neither category of documents were authored or sent by an attorney nor do they solicit legal advice. The FERC documents contain non-lawyers' factual statements that could have been based on prior legal advice. The Court finds that too tenuous to fall within attorney-client privilege. The FPWC documents do not contain or reference legal advice. Both categories of documents are discoverable.

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion to Compel Documents in Response to Second Requests for Production and Motion for Expedited Briefing" (document #130) and "Motion to Compel the Production of Improperly Withheld Documents" (document #154) and Defendants' "Motion to Compel" (document #138) are **GRANTED IN PART** and **DENIED IN PART**. Specifically, each parties' objections are **OVERRULED** as discussed above. Within fifteen days of this Order, each party shall serve complete responses to the opposing party's discovery requests.

2. If any party contends that it has previously produced all responsive documents and other information in its custody and control concerning a specific request, it shall so state in a verified discovery response.

3. The parties shall pay their own costs <u>at this time</u>.

4. Plaintiff's "Consent Motion for Expedited Briefing" (document #157) is **DENIED AS MOOT**.

5. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Kenneth D. Bell.

**SO ORDERED**.

Signed: February 22, 2022

_____
David S. Cayer
United States Magistrate Judge