IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00515-KDB-DSC

| | |
|---|---|
| DUKE ENERGY CAROLINAS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NTE CAROINAS II, LLC, ET AL., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Duke Energy Carolinas, LLC's and Counterclaim Defendants Duke Energy Progress, LLC and Duke Energy Corporation's (collectively "Duke") Motion to Seal (Doc. No. 201). The Court has carefully considered this motion and Duke's related brief and exhibits. Defendants do not object to the motion. For the reasons discussed below, the Court will **GRANT** the motion.

### I. LEGAL STANDARD

In general, the public has a right of access to judicial proceedings that stems from two sources: the common law and the First Amendment. *Rushford v. New Yorker Magazine, Inc*., 846 F.2d 249, 253 (4th Cir. 1988); *see also Press–Enterprise Co. v. Superior Court of Cal*., 464 U.S. 501, 508–09 (1984) (discussing the importance of an open trial as a means of both ensuring and giving the appearance of fairness in the judicial process). Under the more rigorous First Amendment standard, "denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id*.; *see also Press–Enterprise Co*., 464 U.S. at 509, ("The presumption of openness may be overcome only by an overriding interest based on findings

1

that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07 (1982) ("[I]t must be shown that the denial is necessitated by a compelling governmental interest and is narrowly tailored to serve that interest.").

The Fourth Circuit applies the First Amendment right of access to documents submitted in support of summary judgment motions in civil cases. *See Rushford*, 846 F.2d at 252 (applying the First Amendment right of access standard to summary judgment filings and noting "summary judgment adjudicates substantive rights and serves as a substitute for a trial"). *See also, e.g., Painter v. Doe*, No. 3:15-CV-369-MOC-DCK, 2016 WL 3766466, at *3 (W.D.N.C. July 13, 2016) ("When a judicial document or record sought to be sealed is filed in connection with a dispositive motion, the public's right of access to the document in question arises under the First Amendment.") (citing *Rushford*, 846 F.2d at 253). *See also Rosenfeld v. Montgomery Cty. Pub. Sch.*, 25 F. App'x 123, 127 (4th Cir. 2001) (reversing and remanding case for application of the Rushford procedure to the sealing of summary judgment filings). Accordingly, "a party moving to seal documents filed in support of a motion for summary judgment in a civil case bears a heavy burden." *Jennings v. Univ. of N. Carolina at Chapel Hill*, 340 F. Supp. 2d 679, 681 (M.D.N.C. 2004); *Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 277–78 (W.D.N.C. 2019), aff'd, 845 F. App'x 205 (4th Cir. 2021).

To limit access to documents submitted in connection with a summary judgment motion, the party seeking to seal the documents must make a showing "that the denial [of access] serves an important governmental interest and that there is no less restrictive way to serve that governmental interest." *Rushford*, 846 F.2d at 253. However, courts have recognized that in certain circumstances, "private interests might also implicate higher values sufficient to override (or, in

2

an alternative mode of analysis, to except the proceeding or materials at issue from) the First Amendment presumption of public access." *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. 2009). *See also Morris v. Cumberland Cty. Hosp. Sys., Inc.*, No. 5:12-CV-629-F, 2013 WL 6116861, at *3 (E.D.N.C. Nov. 13, 2013) ("In the past, this court and others have concluded that the need to keep confidential proprietary business information or trade secrets may constitute a "higher value" that can overcome both the common law and the First Amendment rights of access in appropriate circumstances.").

Furthermore, before sealing the documents, "the district court must follow the procedural requirements as laid out in *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984). *Id*. These are: 1) the district court must give the public adequate notice that the sealing of documents may be ordered; 2) the district court must provide interested persons "an opportunity to object to the request before the court ma[kes] its decision"; 3) if the district court decides to close a hearing or seal documents, "it must state its reasons on the record, supported by specific findings"; and 4) the court must state its reasons for rejecting alternatives to closure. *See In re Knight*, 743 F.2d at 234-235.

## II. FACTS AND PROCEDURAL HISTORY

On April 1, 2022, the Court granted the Parties' joint request, (Doc. No. 190), to file their motions for summary judgment and supporting documents provisionally under seal pending the filing of a particularized motion to seal to be filed within seven days of the filing of any summary judgment motion. In that Text Order, the Court advised the Parties that it intended to strictly limit the filing of any papers under seal in accordance with the First Amendment and other applicable law.

In compliance with this Order, when Duke filed a Motion for Summary Judgment on April 4, 2022, (Doc. No. 191), it filed under seal its memorandum of law and the exhibits offered in support of its motion. (Doc. Nos. 192-194). On April 11, 2022, Duke moved and was permitted to withdraw a significant number of these exhibits pursuant to the Court's Order of the same day informing Duke that any exhibit that had not been cited in its memorandum would be unsealed. (Doc. No. 198). Then, Duke timely filed this motion to seal, asking that the Court seal (1) information identifying several companies who were involved in the bidding to serve a key customer but are not parties to the case, (2) confidential business information belonging to GDS Associates, Inc, which was engaged as a consultant to that customer, (3) two pages of Duke's forward looking financial and strategy information and (4) two birth dates that appear in depositions.

### III. DISCUSSION

Unlike the Parties' earlier motions to seal their filings in this action, Duke's present motion is very limited, specific and well supported, which is consistent with the governing law and the Court's instructions to the Parties. Therefore, the Court will grant the motion as discussed below.

First, with respect to the initial *In re Knight* procedural requirements, the Court finds that the public has had adequate notice that the sealing of documents may occur and that interested persons were given adequate opportunity to object by nature of the fact that each motion to seal was docketed. *See Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 728 (M.D.N.C.2013) (explaining that docketing the motions to seal was sufficient public notice and noting "[a]ny interested party therefore has had sufficient time to seek intervention to contest any sealing order, but the docket reflects no such action").

Accordingly, the Court can turn to step three of the *Rushford* analysis: whether Duke has articulated any private interest sufficiently compelling to defeat the First Amendment right of access. Duke contends that most all[1] of the information it seeks to seal is confidential financial and business information that may be sealed in certain circumstances. *See, e.g.*, *Jones*, 402 F. Supp. 3d at 291–92 (shielding various portions of deposition testimony discussing sensitive corporate business strategies and financial data from public view). The Court agrees. The identification of third parties together with their confidential bidding information and a consultant's confidential assessment of those third-party bids reflects private interests – particularly with respect to non-parties who have not brought any dispute to the Court – that are sufficient here to overcome the First Amendment right of access.

With respect to the two pages of Duke's own information that it seeks to seal, the information is a confidential bidding analysis that is particularized and forward-looking and, perhaps most importantly, unlikely to play any role in the Court's ruling on Duke's summary judgment motion. *See Jones*, 402 F. Supp. 3d at 292 (allowing information to be sealed which was not relied on by the Court in ruling on summary judgment); *McKesson Corp. v. Longistics Transportation, Inc.*, No. 5:09-CV-250-F, 2010 WL 11564989, at *12 (E.D.N.C. Nov. 4, 2010). Accordingly, keeping that small portion of Duke's filing under seal will not infringe upon the public's interest in understanding the grounds on which Duke seeks summary judgment or assessing the basis of the Court's decision in this matter.

---

[1] The lone exception is the birth dates of two deponents which appear in their filed depositions. As to that information, Federal Rule of Civil Procedure 5.2(a) specifically allows parties to limit the disclosure of personally-identifying information, and states that "a party or nonparty making the filing may include only . . . the year of the individual's birth."

5

Thus, the Court will seal the requested information and permit Duke to file their redacted memorandum and exhibits[2] as requested in the motion.

## IV.     ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Seal (Doc. No. 201) is **GRANTED**; and

2. Plaintiff is directed to promptly file its redacted memorandum of law in support of its motion for summary judgment as requested in its motion.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: April 14, 2022

Kenneth D. Bell
United States District Judge

---

[2] Duke's redacted exhibits have already been provisionally filed with the Court's permission so no further action is necessary with respect to those exhibits.