# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

DUKE ENERGY CAROLINAS, LLC,

     Plaintiff,

v.

NTE CAROLINAS II, LLC, NTE
CAROLINAS II HOLDINGS, LLC, NTE
ENERGY, LLC, NTE SOUTHEAST
ELECTRIC COMPANY, LLC, NTE
ENERGY SERVICES COMPANY, LLC,
and CASTILLO INVESTMENT HOLDINGS
II, LLC,

     Defendants.

---

NTE CAROLINAS II, LLC, NTE
CAROLINAS II HOLDINGS, LLC, NTE
ENERGY, LLC, NTE SOUTHEAST
ELECTRIC COMPANY, LLC, NTE
ENERGY SERVICES COMPANY, LLC,
and CASTILLO INVESTMENT HOLDINGS
II, LLC,

     Counterclaim Plaintiffs,

v.

DUKE ENERGY PROGRESS, LLC, DUKE
ENERGY CORPORATION, DUKE
ENERGY CAROLINAS, LLC,

     Counterclaim Defendants.

Civil Action No. 3:19-cv-515-KDB-DSC


**DUKE'S MEMORANDUM IN SUPPORT
OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE RELATED TO COAL ASH**

Plaintiff/Counterclaim Defendant Duke Energy Carolinas, LLC, together with

Counterclaim Defendants Duke Energy Progress, LLC and Duke Energy Corporation

(collectively the "Duke Energy Parties" or "Duke"), through undersigned counsel, submit this

memorandum of law in support of its *motion in limine* to prohibit NTE from introducing at trial

any evidence, testimony, or argument related to the 2014 Dan River coal ash spill, including, but not limited to, Duke's decision to plead guilty in a case brought by the United States Department of Justice related to the coal ash spill and the fact that Duke incurred significant remediation costs related to coal ash clean up.

The parties have met and conferred on the subject of this motion, and Duke understands that NTE does not intend to affirmatively reference the coal ash spill or the ensuing litigation at trial. However, NTE has indicated that it may potentially seek to introduce documents that reference the incident and its ramifications. Therefore, Duke files this motion out of an abundance of caution and requests an order requiring redaction of all references to coal ash in any exhibits, to the extent applicable.

## BACKGROUND

During discovery, Duke produced documents, and NTE questioned Duke's witnesses about, a coal ash spill in North Carolina's Dan River that occurred in 2014. Following the spill, the United States Department of Justice brought charges against Duke Energy Carolinas ("DEC") and Duke Energy Progress ("DEP") for criminal violations of the Clean Water Act, to which both entities pleaded guilty in 2015. The terms of the plea agreement obligated DEP and DEC to pay a substantial fine and meet certain legal obligations with respect to coal ash remediation within North Carolina.

## ARGUMENT

The Court should prohibit the introduction of any evidence related to the coal ash spill because such evidence is wholly irrelevant to NTE's breach of contract claims and defenses. And even if the evidence were relevant, its introduction would be unduly prejudicial to Duke because it risks influencing the jury to punish Duke for past misdeeds, rather than to impartially

adjudicate the narrow claims involved in this case. The evidence should therefore be excluded under Federal Rules of Evidence 401, 402, and 403. To the extent evidence related to coal ash appears in documents NTE intends to use at trial, those documents can, and should, be redacted.

## I. Evidence Related to Coal Ash is Irrelevant to NTE's Claims

Evidence is admissible in a civil case only if it "has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." *Id.* 402. To be relevant, the evidence must "be 'worth consideration by the jury.'" *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 349 (4th Cir. 2014) (quoting *United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003)). "Relevant evidence, of course, is evidence that helps the trier of fact to understand the evidence or to determine a fact in issue." *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017).

Evidence related to coal ash is not relevant, even under this admittedly liberal standard. Only breach of contract claims remain in this case, and nothing about the coal ash spill or Duke's resolution of that issue is relevant to whether Duke breached the LGIA. In fact, NTE apparently recognizes that coal ash is irrelevant to its claims, as it has represented to Duke that it does not intend to affirmatively raise or mention the issue at trial.

## II. Evidence Related to Coal Ash Is Unduly Prejudicial

Even if evidence related to the coal ash spill was relevant, it should be excluded from trial under Rule 403. Under that rule, relevant evidence may nevertheless be excluded from trial if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* 403; *see also Tompkins v. Eckerd*, No. 8:09-02369-JMC, 2012 WL 1110069, at *3

126865444v4

(D.S.C. Apr. 3, 2012) ("[W]hen the probative value of certain evidence considered relevant under Fed. R. Evid. 401 is quite low, Rule 403 precludes its introduction and serves as a protection against 'undue liberality.'").  Evidence is unfairly prejudicial "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence."  *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006); *Leardini v. Charlotte-Mecklenburg Bd. of Educ.*, No. 3:09-CV-264, 2012 WL 346674, at *5 (W.D.N.C. Feb. 2, 2012) (evidence "is unfairly prejudicial" if it "is likely to 'excite the jury' to an improper conclusion").

Evidence related to the coal ash spill would unduly prejudice Duke in at least two significant ways.  First, this evidence risks misleading the jury into believing that Duke is an inherently bad actor that should be punished for entirely unrelated incidents.  Second, allowing the jury to hear that Duke faced criminal liability in the recent past seriously risks destroying their ability to be impartial in this matter.  The risk of clouding the jury's perception and ability to be impartial *substantially* outweighs any probative value this evidence may have.  Indeed, the jury in this case will have one, critically important job with respect to NTE's affirmative claim: to decide whether Duke breached the LGIA.  Its job is *not* to decide whether Duke should be punished, or has been sufficiently punished, for past violations of federal environmental laws.  But the introduction of this evidence would allow, and in fact, *invite*, the jury to do just that at Duke's expense, and at the expense of its single, indispensable duty in this case.

WHEREFORE, Duke respectfully requests that the Court enter an Order prohibiting NTE from introducing any evidence, testimony, or argument related to the 2014 Dan River Coal Ash Spill.  To the extent NTE's exhibits reference the coal ash spill or its ramifications, the Court should order that those references be redacted.

4

126865444v4

This the 8th day of July, 2022.


/s/ Jason D. Evans
Jason D. Evans (N.C. Bar No. 27808)
Mary K. Grob (N.C. Bar No. 49240)
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 S. College St., 34th Floor
Charlotte, NC 28202
(704) 916-1502 (direct)
jason.evans@troutman.com
mary.grob@troutman.com

Douglas G. Green (admitted *Pro Hac Vice*)
Jennifer Quinn-Barabanov (admitted *Pro Hac Vice*)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
dgreen@steptoe.com
jquinnbarabanov@steptoe.com

*Counsel for Duke Energy Carolinas, LLC, Duke Energy Progress, LLC, and Duke Energy Corp*

Shari Ross Lahlou (admitted *Pro Hac Vice*)
Amisha Patel (admitted *Pro Hac Vice*)
Dechert, LLP
1900 K Street NW
Washington, DC 20006
(202) 261-3300
shari.lahlou@dechert.com
amisha.patel@dechert.com

5

126865444v4