# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| DUKE ENERGY CAROLINAS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NTE CAROLINAS II, LLC, NTE CAROLINAS II HOLDINGS, LLC, NTE ENERGY, LLC, NTE SOUTHEAST ELECTRIC COMPANY, LLC, NTE ENERGY SERVICES COMPANY, LLC, and CASTILLO INVESTMENT HOLDINGS II, LLC,<br><br>    Defendants. | Civil Action No. 3:19-cv-515-KDB-DSC<br><br>**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* REGARDING FERC DECLARATORY ORDER** |
| NTE CAROLINAS II, LLC, NTE CAROLINAS II HOLDINGS, LLC, NTE ENERGY, LLC, NTE SOUTHEAST ELECTRIC COMPANY, LLC, NTE ENERGY SERVICES COMPANY, LLC, and CASTILLO INVESTMENT HOLDINGS II, LLC,<br><br>    Counterclaim Plaintiffs,<br>v.<br><br>DUKE ENERGY PROGRESS, LLC, DUKE ENERGY CORPORATION, DUKE ENERGY CAROLINAS, LLC,<br><br>    Counterclaim Defendants. | |

Plaintiff/Counterclaim Defendant Duke Energy Carolinas, LLC, together with Counterclaim Defendants Duke Energy Progress, LLC and Duke Energy Corporation (collectively the "Duke Energy Parties" or "Duke"), through undersigned counsel, submit this memorandum of law in support of its *motion in limine* to prohibit NTE from introducing at trial any evidence, testimony, or argument related to the May 21, 2020 Federal Energy Regulatory Commission Declaratory Order ("FERC Order").

## BACKGROUND

Following NTE's failure to make two milestone payments required under the Large Generator Interconnection Agreement ("LGIA"), and after providing NTE an opportunity to cure its breach, Duke terminated the LGIA, and filed the instant lawsuit to recover all amounts due under the contract. Duke also posted on Duke Energy Carolinas, LLC's Open-Access Same-Time Information System ('OASIS"), that the Reidsville Energy Center LGIA had been "cancelled." Months later, NTE filed a petition for declaratory order ("PDO")[1] with FERC, asking the agency to "clarify" and "remove uncertainty" regarding the termination provisions in FERC's *pro forma* LGIA—specifically, whether a conforming *pro forma* LGIA may be unilaterally terminated without a FERC filing. *See* ECF No. 125, Ex.3 at 6 (PDO as Exhibit to NTE Answer & 3rd Am. Counterclm.) (quoting 18 C.F.R. § 385.207(a)(2)). NTE's PDO explicitly asked FERC not to "take jurisdiction over or decide" the issues related to breach of contract claims in this litigation. *Id*. FERC complied: "*As requested*, *we do not address the merits of any breach of contract claim* concerning the Reidsville LGIA[.]" *NTE Carolinas II,*

---

[1] FERC's declaratory order process provides a mechanism to obtain clarification relating to FERC issues. *See* 18 C.F.R. § 385.207 ("a person must file a petition when seeking: . . . (2) A declaratory order or rule to terminate a controversy or remove uncertainty."); *see also Cal. Indep. Sys. Operator Corp.*, 119 FERC ¶ 61,061 at P 92 (2007) ("Providing general guidance on policy issues is precisely the function of this Commission in ruling on a petition for declaratory order.").

*LLC*, 171 FERC ¶ 61,128 at P 27 (2020) (emphasis added).  However, in an attempt to "promote regulatory certainty and a uniform interpretation of this aspect of the pro forma LGIA for all public utilities," FERC ultimately held that, as a general policy matter, "a transmission provider [not Duke specifically] seeking to terminate a conforming LGIA over an interconnection customer's objection must receive Commission approval to do so," *id.* at P 29, and that such approval must be obtained before the termination is announced on OASIS, *id.* at P 31.  FERC made no findings regarding whether (1) Duke's termination of the LGIA was improper on the merits; or (2) either Duke or NTE breached the LGIA.  *See id*. at PP 27-31.

Throughout this litigation, NTE has routinely argued that FERC "held illegal" Duke's termination of the LGIA, ECF No. 212 (NTE Mem. in Opp. to Duke MSJ) at 1, and that the FERC Order shows that Duke "acted unlawfully" by terminating the LGIA,  ECF No. 123 at 22 (NTE Answer & 3rd Am. Countercl.), *see also id*. ¶ 113 ("FERC's decision confirms that Duke acted unlawfully in unilaterally terminating the Reidsville LGIA…"), despite the Order providing no basis for such arguments.  NTE has indicated its intent to introduce the FERC Order at trial as evidence that Duke breached the LGIA.

## ARGUMENT

The Court should prohibit the introduction of evidence and any refence by counsel at trial related to the FERC Order.  Such evidence is irrelevant to NTE's contract claims and defenses because the FERC Order is a procedural ruling applying FERC regulations that does not address the substance of the LGIA and has no bearing on the merits of the claims remaining for trial.  Even if the evidence had some relevance, its probative value would be greatly outweighed by the risk that the jury would treat the agency's ruling as evidence that Duke acted unlawfully, despite the agency's express decision to refrain from making any findings regarding whether Duke

3

Case 3:19-cv-00515-MEO-WCM    Document 238    Filed 07/08/22    Page 3 of 9

breached the LGIA. This evidence should therefore be excluded under Federal Rules of Evidence 401, 402 and 403.

## I. The FERC Order is Irrelevant to the Claimed Breach of the LGIA

Rule 401 provides that "[e]vidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is admissible. *Id.* 402. To be relevant, the evidence must "be 'worth consideration by the jury.'" *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 349 (4th Cir. 2014) (quoting *United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003)). "Relevant evidence, of course, is evidence that helps the trier of fact to understand the evidence or to determine a fact in issue." *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017).

NTE presumably intends to rely on the FERC Order, at least in part, to argue that Duke breached Article 2.3.3 of the LGIA. *E.g.*, ECF No. 212 (NTE Mem. in Opp'n to Duke MSJ) at 11 (arguing that Duke not filing the termination at FERC "breached the LGIA"). But the FERC Order is not relevant to the question of whether Duke breached the LGIA, even under Rule 401's admittedly liberal standard. For one thing, Article 2.3.3 merely provides the parameters under which a termination is considered effective as a procedural matter—it does not convey any rights or obligations that either party could conceivably breach.[2] Accordingly, whether a termination is effective is a separate and distinct issue from whether a party is in breach. *See generally Midcontinent Indep. Sys. Operator, Inc.*, 174 FERC ¶ 61,129 (2021). And in any event, the

---

[2] Article 2.3.3. provides that "no termination shall become effective until the Parties have complied with all Applicable Laws and Regulations applicable to such termination, including the filing with FERC of a notice of termination of this LGIA, which notice has been accepted for filing by FERC."

4

FERC Order did not premise any of its rulings on the language of Article 2.3.3. Instead, the FERC Order establishes that there was *no* clear FERC regulatory requirement applicable to Duke's September of 2019 termination and none existed until the new clarification provided months later. *E.g.*, FERC Order, 171 FERC ¶ 61,128 at P 29 (recognizing conflicting agency regulations).

More importantly, at NTE's express request, the FERC Order did "not address the merits of any breach of contract claim concerning the LGIA." FERC Order, 171 FERC ¶ 61,128 at P 27. Instead, the Commission issued a purely procedural order designed to "resolve ambiguity" and "provide regulatory certainty" to public utilities, generally. *Id.* Because the Order did not address the substance of the REC LGIA or the merits of any breach of contract claim, it has no probative value as to whether Duke breached the LGIA by unilaterally terminating it after NTE failed to make two scheduled payments. The FERC Order, by its plain terms, does not make any fact related to the alleged breach any more or less probable.[3] The irony of NTE's position cannot be overlooked. On the one hand, it expressly requested that FERC refrain from addressing the merits of any breach of the LGIA; on the other, it now holds out FERC's compliance with that request as evidence of a breach. NTE should be foreclosed from relying on the Order as evidence of something it specifically asked FERC not to address.

## II. The FERC Order's Minimal Probative Value is Substantially Outweighed by the Risk of Undue Prejudice to Duke

Alternatively, the FERC Order should be excluded from trial under Rule 403. That Rule imposes a two-part balancing test for determining admissibility. First, courts evaluate the

---

[3] Given that fact, the FERC Order—whatever purported relevance it may have had previously to NTE's competition-related claims—is not relevant now and therefore, should be excluded. *See, e.g.*, *Prassas Cap., LLC v. Blue Sphere Corp.*, No. 3:17-CV-131-RJC-DCK, 2019 WL 2881560, at *6 (W.D.N.C. July 3, 2019) (finding evidence relevant to earlier claims should be excluded given that the "central issue is the breach-of-contract claims").

5

"probative value" of disputed evidence, which requires "more than a determination that the evidence is 'relevant' to a material fact in the case." *Carnell Constr. Corp. v. Danville Redevelopment & Hous. Auth.*, 745 F.3d 703, 719 (4th Cir. 2014). Rather, "the trial court must assess the proponent's need for admission of the evidence in the full evidentiary context of the case." *Id.* As a second step, probative value is balanced "against the harmful consequences that may result from" admission of the evidence. *Id.* Rule 403 lists several possible, harmful consequences of admitting otherwise probative evidence—unfair prejudice, confusing the issues, misleading the jury, and waste of time—any one of which renders evidence inadmissible. Fed. R. Evid. 403.

### A. The FERC Order Should be Excluded in its Entirety

Even if the FERC Order had some minimal probative value, it should be excluded in its entirety under Rule 403 because that probative value is substantially outweighed by the risk that the evidence will mislead the jury and prejudice Duke. The risk of unfair prejudice is "[f]oremost among th[e] dangers" listed in Rule 403. *Carnell*, 745 F.3d at 719. Unfair prejudice "refers to an undue tendency of evidence to influence a jury to make a decision for reasons unrelated to the probative value of the evidence." *Id.* (citation omitted). "Evidence is unfairly prejudicial . . . when there is a genuine risk that the emotions of a jury will be excited to irrational behavior." *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008) (quoting *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006)).

As an initial matter, the FERC Order risks confusing and misleading the jury. The FERC Order was issued to "clarify" and "remove uncertainty" about regulatory requirements. It would multiply the confusion to ask the jury to treat FERC as having addressed an issue related to

6

contract breach that NTE explicitly asked FERC not to do and FERC expressly avoided. *E.g.*, ECF No. 125, Ex.3 at 11, 15, 17.

Moreover, because FERC is an agency of the federal government vested with adjudicative authority, there is a substantial risk that the jury will attach undue significance to the agency's decision and impermissibly conclude that, in FERC's estimation, Duke actually breached the LGIA. *See Martinelli v. Penn Miller Ins. Co.*, 2008 WL 723973 (3rd Cir. 2008) (not selected for publication) (holding that written determination of the Equal Employment Opportunity Counsel was inadmissible in an employment discrimination suit under Rule 403 because "the fact that it had originated from an authoritative government agency[,] could confuse and mislead the jury and unfairly prejudice [defendants]"). But, as explained above, FERC expressly refrained from making any such finding. Permitting the jury to hear about the FERC Order would therefore be highly prejudicial to Duke and would impermissibly relax NTE's burden to prove its breach of contract claim by a preponderance of the evidence.

### B. NTE Should Be Precluded from Characterizing the FERC Order as Evidence that Duke Acted "Illegally"

If the FERC Order is not entirely inadmissible, NTE should at least be prevented from mischaracterizing it as a finding that Duke acted "illegally" or "unlawfully," as it has in its prior pleadings. NTE's characterization of the FERC Order as a determination that Duke's actions were "illegal" or "unlawful[]" is highly misleading and prejudicial because the FERC Order made no such factual findings or legal conclusions. Rather, as explained above, the FERC Order explicitly states, consistent with FERC's declaratory order process and NTE's request for such an order in its petition, that its decision merely clarified existing requirements to "remove uncertainty" and provide "guidance." 171 FERC ¶ 61,128 at P 27. Allowing NTE to mischaracterize this procedural, clarifying decision as one that rendered a determination on the

7

propriety of Duke's actual conduct risks misleading the jury to conclude that FERC has already decided that Duke did something improper. The prejudice to Duke from that risk is obvious. Therefore, NTE should be prohibited from making any prejudicial mischaracterizations of the FERC Order as a determination as to the legality of Duke's actions.

## CONCLUSION

The Court should exclude the FERC Order from the proceedings under Rules 401, 402 and 403. Alternatively, it should, at a minimum: (1) preclude NTE from characterizing the FERC Order as finding that Duke did something illegal, and (2) preclude NTE from characterizing the FERC Order as indicating anything about whether there was a breach of contract by NTE.

[*Signatures on next page*]

This the 8th day of June, 2022.


/s/ Jason D. Evans
Jason D. Evans (N.C. Bar No. 27808)
Mary K. Grob (N.C. Bar No. 49240)
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 S. College St., 34th Floor
Charlotte, NC 28202
(704) 916-1502 (direct)
jason.evans@troutman.com
mary.grob@troutman.com

Douglas G. Green (admitted *Pro Hac Vice*)
Jennifer Quinn-Barabanov (admitted *Pro Hac Vice*)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
dgreen@steptoe.com
jquinnbarabanov@steptoe.com

Shari Ross Lahlou (admitted *Pro Hac Vice*)
Amisha Patel (admitted *Pro Hac Vice*)
Dechert, LLP
1900 K Street NW
Washington, DC 20006
(202) 261-3300
shari.lahlou@dechert.com
amisha.patel@dechert.com

*Counsel for Duke Energy Carolinas, LLC, Duke Energy Progress, LLC, and Duke Energy Corp*